26842.A3C300/dmw/Document #: 755866

IN THE UNITED STATES CIRCUIT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY K. SMITH, JR. and MELISSA SMITH, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Tazwell County No. 07 L 99 |
| MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., | ) ) ) | Court No.: _____ |
| Defendant. | ) ) | |
| ------------------------------------------------ | ) | |
| McWANE, INC., a Delaware corporation, K.A. BERGQUIST, an Ohio corporation, and PEKIN HICKSGAS, INC., | ) ) ) ) | |
| Respondents in discovery. | ) ) | |

## NOTICE OF REMOVAL

NOW COMES the defendant, MANCHESTER TANK & EQUIPMENT COMPANY, a Delaware Corporation with its principal place of business in the City of Franklin, State of Tennessee, an affiliate of McWane, Inc. , a Delaware Corporation with its principal of business in the City of Birmingham, State of Alabama, (hereinafter "Manchester"), by and through its attorneys, Raymond Lyons, Jr. and WILLIAMS, MONTGOMERY & JOHN LTD., and pursuant to 28 USC §§ 1332, 1441(a)(b), and 1446 and files its Notice of Removal of this cause from the Circuit Court of the Tenth Judicial Circuit, Tazewell County, Illinois to the United States District Court for the Central District of Illinois.  Manchester herein sets forth a short and plain statement of the grounds for removal as required by 28 USC § 1446 (a).

1.     On August 27, 2007 Plaintiffs filed a Complaint in the Circuit Court of the Tenth Judicial Circuit, Tazewell, County, Illinois seeking damages for personal injuries to Plaintiff Larry K. Smith, Jr. and for loss of consortium to his wife Melissa Smith. The complaint alleges that on August 25, 2005 an aluminum forklift cylinder tank developed a leak and that caused a "highly combustible fuel air mixture which exploded violently, resulting in severe injury to Plaintiff Larry K. Smith, Jr.." (See Complaint, attached as Exhibit A, Count I, ¶ 4). The incident allegedly occurred at or near 460 Radio Drive, North Pekin, Illinois. (Id.) Manchester is the only defendant.

2.     Manchester was served with a summons on September 25, 2007. Therefore, this Notice of Removal is filed within the thirty-day time period prescribed by 28 U.S.C. § 1446(b).

3.     On information and belief both Plaintiffs are citizens of the state of Illinois. The investigative report issued by the Illinois State Fire Marshall lists Larry K. Smith, Jr. as residing at 123 Calumet, Marquette Heights, Illinois. (Exhibit B). An internet news report published by WEEK-TV on August 27, 2005 stated that "Larry K. Smith of Marquette Heights" was injured in the explosion. (Exhibit C.)

4.     Defendant Manchester Tank & Equipment Co. is a corporation incorporated in the state of Delaware, and maintains its principal place of business in Franklin, Tennessee. Manchester is an affiliate of McWane, Inc. which is a corporation incorporated in the State of Delaware which maintains its principal place of business in the State of Alabama.

5.     Plaintiffs' complaint seeks damages in a amount in excess of $50,000. (See Exhibit A, Complaint, p. 9, Rule 222(B) Affidavit), The undersigned attorney for Manchester has a good faith belief that the amount in controversy exceeds $75,000 for each of the plaintiff's claims . The complaint alleges that "Larry K. Smith, Jr. sustained severe burns as a result of the

heat of the combustion and traumatic blunt force and twisting trauma as a result of the concussive effects of said explosion, which have required him in the past and will require him in the future to incur expenses for medical treatment and which have in the past and will in the future cause him to miss time from his gainful employment and to pursue employment opportunities and which have caused him in the past and will cause him in the future to endure pain, suffering, disability, disfigurement, loss of a normal life and inability to pursue recreational and other non-work related activities." ( Exhibit A, Count One, ¶ 6.) The investigative report issued by the Illinois State Fire Marshall states that subsequent to the incident on August 25, 2005  Larry K. Smith, Jr. was transported to the OSF St. Francis Hospital in Peoria, Illinois. (State Fire Marshall Report Exhibit B).   An internet news report published by Week-TV on August 27, 2005 stated that as of that date Larry K. Smith, Jr. was in fair condition at that hospital. (Exhibit C.)  Melissa Smith, wife of Larry K. Smith, Jr. alleges that as a result of the "severe and permanent injuries" to her husband, she was deprived of the "services and consortium which Larry K. Smith, Jr. would have ordinarily provided …" and that as his spouse she has been made liable for the "past and future medical expenses necessitated by the injury." (Exhibit A, Count Three ¶ 7.)

6.    Pursuant to 28 U.S.C. § 1332 the United States District Courts have original jurisdiction over any action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiff(s) and each defendant. The requirement that there be complete diversity is met in this action.  "When determining whether the amount in controversy requirement is met, the amount contained in the pleadings is not dispositive." Pemiscot County v. Western Surety Co., 51 F.3d 170, 174 (8th Cir. 1995). Rather, the standard is "whether a fact-finder might legally conclude" that a plaintiff's damages are greater than

$75,000. See <u>Quinn v. Kimble</u>, 228 F.Supp.2d 1038, 1040 (E.D. Mo. 2002).  The undersigned's belief that the amount in controversy as to both Plaintiff's claims exceeds $75,000 exclusive of interest and costs is well founded.  It is based on the allegations of the complaint, the claimed permanency and serious nature of the injuries and the fact that plaintiff Larry K. Smith, Jr. was treated at OSF St. Francis Hospital in Peoria, Illinois.

7.    Pursuant to 28 U.S.C. § 1441 "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This case may be removed to this Court because it was filed in Tazewell County, Illinois, which is a county served by the U.S. District Court for the Central District of Illinois, and is a cause of action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Manchester is the only defendant named in this suit and by the filing of this Notice gives its consent to the removal of the action to this Court.

8.    Pursuant to 28 U.S.C. § 1446(d) Defendant Manchester will serve upon the plaintiffs' attorney of record written notice of filing of this Notice of Removal and Defendant Manchester shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Tazewell County, Illinois.

WHEREFORE, the defendant, MANCHESTER TANK & EQUIPMENT COMPANY, an affiliate of McWane, Inc., gives notice that this matter has been removed to the United States District Court for the Central District of Illinois for all further proceedings.

The defendant, MANCHESTER TANK & EQUIPMENT COMPANY, demands trial by jury.

WILLIAMS MONTGOMERY & JOHN LTD.

RAYMOND LYONS, JR.

Subscribed and sworn to before me
this ____ day of October, 2007.

_____
Notary Public

```
"OFFICIAL SEAL"
DONNA M. WROBEL
Notary Public, State of Illinois
My Commission Expires 08/10/09
```

Raymond Lyons, Jr.
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Manchester Tank & Equipment Company,
an affiliate of McWane, Inc.
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200

**E-FILED**
Tuesday, 16 October, 2007  03:31:56 PM
Clerk, U.S. District Court, ILCD



IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
TAZEWELL COUNTY, ILLINOIS

| | |
|---|---|
| LARRY K. SMITH, JR. and MELISSA SMITH, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., | ) |
| Defendant. | ) |
| ------------------------------------------------- | ) |
| McWANE, INC., a Delaware Corporation and K.A. BERGQUIST, INC., an Ohio Corporation, and PEKIN HICKSGAS, INC., | ) |
| Respondents in Discovery. | ) |

Case No.  07 - L - 99

**FILED**

AUG 2 7 2007

*Pam Gardner*
TAZEWELL COUNTY CIRCUIT CLERK
TENTH JUDICIAL CIRCUIT OF ILLINOIS

## COMPLAINT

Now come plaintiffs LARRY K. SMITH, JR. and MELISSA SMITH, by NICOARA &

STEAGALL, their attorneys, and for their causes of action against defendants MANCHESTER

TANK & EQUIPMENT CO., an affiliate of McWANE, INC. (hereinafter "MANCHESTER"),

and PEKIN HICKSGAS, INC. (hereinafter "HICKSGAS"), states as follows:

### COUNT I

1.      The incident complained of occurred on or about August 25, 2005 at the facilities

operated by defendant PEKIN HICKSGAS, INC. at or near 460 Radio City Drive in North Pekin,

Illinois.



2.      Defendant MANCHESTER is a Delaware Corporation which manufactured and sold a number of 33.5 pound aluminum forklift cylinder tanks which were purchased by HICKSGAS in the spring and summer of 2005.

3.      The aforesaid tanks were designed and intended to be used as a receptacle to store propane gas which would be introduced into said tanks under pressure, after which said tanks would be distributed to various customers of defendant HICKSGAS to be used by said customers to power forklifts and other equipment.

4.      At or near the time and place indicated in paragraph 1, one of the aforesaid tanks which had been filled by defendant HICKSGAS with propane developed a leak, allowing a portion of the propane therein to escape and to mix with the oxygen naturally occurring in the air, creating a highly combustible fuel air mixture which exploded violently, resulting in severe injury to plaintiff LARRY K. SMITH, JR..

5.      At the time that the aforesaid tank left the control of defendant MANCHESTER, it was unreasonably dangerous in one or more of the following respects:

      (a)      The tank was manufactured with a weld which incompletely sealed the area where the two pieces of aluminum were to be joined.

      (b)      The valve on the tank failed in its function to keep the contents of the tank totally within the confines of the tank until the Hicksgas customer required the tank to dispense a portion of its contents.

6.      As a direct and proximate result of the unreasonably dangerous condition of the aforesaid tank when it left the control of defendant MANCHESTER, plaintiff LARRY K. SMITH, JR. sustained severe burns as a result of the heat of the combustion and traumatic blunt force and twisting trauma as a result of the concussive effects of said explosion, which have required him in the past and will require him in the future to incur expenses for medical treatment and

2

which have in the past and will in the future cause him to miss time from his gainful employment and to pursue employment opportunities and which have caused him in the past and will cause him in the future to endure pain, suffering, disability, disfigurement, loss of a normal life and the inability to pursue recreational and other non-work related activities.

**WHEREFORE**, plaintiff LARRY K. SMITH, JR. prays for judgment against defendant MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., in an amount in excess of $50,000.00 plus costs of suit.

## COUNT II

1.    The incident complained of occurred on or about August 25, 2005 at the facilities operated by defendant PEKIN HICKSGAS, INC. at or near 460 Radio City Drive in North Pekin, Illinois.

2.    Defendant MANCHESTER is a Delaware Corporation which manufactured a number of 33.5 pound aluminum forklift cylinder tanks which were purchased by HICKSGAS in the spring and summer of 2005.

3.    The aforesaid tanks were designed and intended to be used as a receptacle to store propane gas which would be introduced into said tanks under pressure, after which said tanks would be distributed to various customers of defendant HICKSGAS to be used by said customers to power forklifts and other equipment.

4.    At or near the time and place indicated in paragraph 1, one of the aforesaid tanks which had been filled by defendant HICKSGAS with propane developed a leak, allowing a portion of the propane therein to escape and to mix with the oxygen naturally occurring in the air and creating a highly combustible fuel air mixture which exploded violently, resulting in severe injury to plaintiff LARRY K. SMITH, JR..

3

5.     At the time the aforesaid tank left the control of MANCHESTER, MANCHESTER owed a duty to exercise reasonable care in manufacturing and testing said tank so that it would not present a hazard to members of the public who came within its vicinity, but notwithstanding said duty, MANCHESTER committed one or more of the following negligent acts or omissions:

    (a)    Utilized a manufacturing process which did not insure that all welds made to assemble the aforesaid tank would completely and without interruption join all portions of the two pieces of metal to be joined together with sufficient strength to withstand the pressures reasonably expected to be sustained by a propane tank.

    (b)    Failed to adequately test each and every tank to insure that the tank and all of its welds would maintain their integrity when exposed to the reasonably foreseeable pressures and substances to be held by the tank.

    (c)    Failed to properly test each and every valve on each and every tank to make certain that the valve would properly operate to prevent the escape of propane from the tank after it has been filled unless and until the contents of the tank were to be used by the ultimate customer of the propane.

6.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions, plaintiff LARRY K. SMITH, JR. sustained severe burns as a result of the heat of the combustion and traumatic blunt force and twisting trauma as a result of the concussive effects of said explosion, which have required him in the past and will require him in the future to incur expenses for medical treatment and which have in the past and will in the future cause him to miss time from his gainful employment and to pursue employment opportunities and which have caused him in the past and will cause him in the future to endure pain, suffering, disability, disfigurement, loss of a normal life and the inability to pursue recreational and other non-work related activities.

**WHEREFORE**, plaintiff LARRY K. SMITH, JR. prays for judgment against defendant MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., in an amount in excess of $50,000.00 plus costs of suit.

<u>**COUNT III**</u>

1.     The incident complained of occurred on or about August 25, 2005 at the facilities operated by defendant PEKIN HICKSGAS, INC. at or near 460 Radio City Drive in North Pekin, Illinois.

2.     At all relevant times mentioned herein, plaintiff MELISSA SMITH was married to and continues to be the wife of plaintiff LARRY K. SMITH, JR..

3.     Defendant MANCHESTER is a Delaware Corporation which manufactured a number of 33.5 pound aluminum forklift cylinder tanks which were purchased by HICKSGAS in the spring and summer of 2005.

4.     The aforesaid tanks were designed and intended to be used as a receptacle to store propane gas which would be introduced into said tanks under pressure, after which said tanks would be distributed to various customers of defendant HICKSGAS to be used by said customers to power forklifts and other equipment.

5.     At or near the time and place indicated in paragraph 1, one of the aforesaid tanks which had been filled by defendant HICKSGAS with propane developed a leak, allowing a portion of the propane therein to escape and to mix with the oxygen naturally occurring in the air and creating a highly combustible fuel air mixture which exploded violently, resulting in severe injury to plaintiff LARRY K. SMITH, JR..

6.     At the time that the aforesaid tank left the control of defendant MANCHESTER, it was unreasonably dangerous in one or more of the following respects:

(a)    The tank was manufactured with a weld which incompletely sealed the area where the two pieces of aluminum were to be joined.

(b)    The valve on the tank failed in its function to keep the contents of the tank totally within the confines of the tank until the Hicksgas customer required the tank to dispense a portion of its contents.

7.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous conditions, plaintiff LARRY K. SMITH, JR. sustained severe and permanent injuries which deprived plaintiff MELISSA SMITH of the services and consortium which LARRY K. SMITH, JR. would have ordinarily provided and which have made her liable as his spouse for the past and future medical expenses necessitated by the injury.

**WHEREFORE**, plaintiff MELISSA SMITH prays for judgment against defendant MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., in an amount in excess of $50,000.00 plus costs of suit.

## COUNT IV

1.    The incident complained of occurred on or about August 25, 2005 at the facilities operated by defendant PEKIN HICKSGAS, INC. at or near 460 Radio City Drive in North Pekin, Illinois.

2.    At all relevant times mentioned herein, plaintiff MELISSA SMITH was married to and continues to be the wife of plaintiff LARRY K. SMITH, JR..

3.    Defendant MANCHESTER is a Delaware Corporation which manufactured a number of 33.5 pound aluminum forklift cylinder tanks which were purchased by HICKSGAS in the Spring and Summer of 2005.

4.    The aforesaid tanks were designed and intended to be used as a receptacle to store propane gas which would be introduced into said tanks under pressure, after which said tanks

would be distributed to various customers of defendant HICKSGAS to be used by said customers to power forklifts and other equipment.

5.    At or near the time and place indicated in paragraph 1, one of the aforesaid tanks which had been filled by defendant HICKSGAS with propane developed a leak, allowing a portion of the propane therein to escape and to mix with the oxygen naturally occurring in the air and creating a highly combustible fuel air mixture which exploded violently, resulting in severe injury to plaintiff LARRY K. SMITH, JR..

6.    At the time the aforesaid tank left the control of MANCHESTER, MANCHESTER owed a duty to exercise reasonable care in manufacturing and testing said tank so that it would not present a hazard to members of the public, but notwithstanding said duty, MANCHESTER committed one or more of the following negligent acts or omissions:

(a)    Utilized a manufacturing process which did not insure that all welds made to assemble the aforesaid tank would completely and without interruption join all portions of the two pieces of metal to be joined together with sufficient strength to withstand the pressures reasonably expected to be sustained by a propane tank.

(b)    Failed to adequately test each and every tank to insure that the tank and all of its welds would maintain their integrity when exposed to the reasonably foreseeable pressures and substances to be held by the tank.

(c)    Failed to properly test each and every valve on each and every tank to make certain that the valve would properly operate to prevent the escape of propane from the tank after it has been filled unless and until the contents of the tank are to be used by the ultimate customer of the propane.

7.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions, plaintiff LARRY K. SMITH, JR. sustained severe and permanent injuries which deprived plaintiff MELISSA SMITH of the services and consortium which LARRY K. SMITH, JR. would have ordinarily provided and which have made her liable as his spouse for the past and future medical expenses necessitated by the injury.

7

**WHEREFORE,** plaintiff MELISSA SMITH prays for judgment against defendant MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., in an amount in excess of $50,000.00 plus costs of suit.

## DESIGNATION OF RESPONDENTS IN DISCOVERY

Pursuant to §2-402, plaintiffs designate McWANE, INC., a Delaware Corporation and K.A. BERGQUIST, INC., an Ohio Corporation and PEKIN HICKGAS INC., an Indiana Corporation with its principal place of business in Pekin, Illinois as Respondents in Discovery.

LARRY K. SMITH, JR. and MELISSA SMITH,
Plaintiffs

By:
JOHN P. NICOARA, their Attorney

8

## RULE 222 AFFIDAVIT REGARDING DAMAGES SOUGHT

Now come plaintiffs LARRY K. SMITH, JR. and MELISSA SMITH, by NICOARA & STEAGALL, their attorneys, and pursuant to Supreme Court Rule 222 states on oath and affirmation that the damages sought in this cause exceeds FIFTY THOUSAND DOLLARS ($50,000.00), and under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this affidavit regarding damages sought are true and correct.

_____
JOHN P. NICOARA

John P. Nicoara (#366)
**NICOARA & STEAGALL**
416 Main Street, Suite 815
Peoria, IL 61602-1115
Telephone:     309.674.6085
Fax:          309.674.6032

E-FILED
Tuesday, 16 October, 2007  03:32:07 PM
Clerk, U.S. District Court, ILCD

Date:          October 4, 2005

To:            Legal Division

From:          Division of Arson Investigation

File #:        **5L090008**

The Division of Arson Investigation has received the attached "Freedom of Information" request for information contained in the files of the Division.

☐    A search of the files of the Arson Division reveals no information pertaining to the requested facility/case/address.

☐    The information requested pertains to a case that has been identified as an open investigation, and therefore, this Division cannot supply the requested information at this time.  (Pursuant to the Freedom of Information Act [5 ILCS 140/7 (1) (b) and 7 (1) (c)}.

☐    The Information requested pertains to a case that has been identified as a "JUVENILE" investigation, and therefore, this Division cannot supply the requested information at this time. (Pursuant to the Juvenile Court Act of 1987 {705 ILCS 405/5-905(5)}).

✓    **The information requested pertains to a case.  The attached documents from the file are being forwarded to you for review and distribution. (The file content has been reviewed by the assigned Investigator of the Arson Division for suggested content that should not be revealed.  The Investigator's requests are included.)**


EXHIBIT
B

# Williams Montgomery & John Ltd.

*A Firm of Trial Lawyers*

Raymond Lyons, Jr.
(312) 899-5764
Fax: (312) 630-8564
rl@willmont.com

September 16, 2005

**VIA FACSIMILE – 217-785-4715**

Office of the State Fire Marshall Division of
Arson Investigation
1035 Stevenson Drive
Springfield, IL 62703

Re:   Hicksgas Company Explosion
        August 13, 2005
        Our File: 26842.00C300

Dear Office of the State Fire Marshall:

We would like to obtain a copy of any all reports and/or photographs contained in case no. 5 L 090008. We will forward to you the $5 fee for this request. Please notify us if there are any photographs and charge us accordingly. Thank you for your assistance. If you have any questions, please contact my Legal Assistant, Donna Wrobel at 312-855-4883.

Very truly yours,

WILLIAMS MONTGOMERY & JOHN LTD

By:  Raymond Lyons, Jr.

/dmw
Document #: 695059

OFFICE OF THE
STATE FIRE MARSHAL

SEP 1 6 2005

DIVISION OF ARSON
INVESTIGATION

**OFFICE OF THE ILLINOIS STATE FIRE MARSHAL**
**DIVISION OF ARSON INVESTIGATION**

**INCIDENT INITIATION REPORT**

| Vehicle ☐ | Juvenile ☐ |
| Property ☒ | Arrest ☐ |

K-9 Assist ☐

Handler: DNA

| Case #: 5L090-008 | Investigator: Jim Oliver #202 | Assigned By: Shane Arndt | Classification: 2-Business |
| Requesting Agency/Person: No. Pekin Fire Chief Joe Daniels | Date/Time of Incident: 08-25-05 09:28 Hours | Date/Time Contacted: 08-25-05 11:10 Hours | Date/Time Arrived: 08-25-05 11:45 Hours |
| Incident Address: 460 Radio City Dr. | City: North Pekin | County: Tazewell | Notifications: FBI, ISP, OSHA, ATF, FEMA, EPA, IDOT, TCSD |

| Occupant: | Address: | Phone: N-P.P.D. |
| Name: Pekin Hicksgas | Street: 460 Radio City Dr. | Home: ( ) DNA |
| Sex/Race/Dob: D/N/A | City: North Pekin | Work: |
| SS#: | State: IL   Zip: 61554 | Other: |

| Owner: Hicksgas Gifford | Address: | Phone: |
| Name: Inc. | Street: 204 N. Highway 54 | Home: ( ) |
| Sex/Race/Dob: D/N/A | City: Roberts | Work: ( ) |
| SS#: | State: IL   Zip: 60962 | Other: ( ) |

| Occupant Insurance: | Owner Insurance: |
| Insurance Company: AJ Gallagher Risk Mgmt. Ser | Insurance Company: |
| Insurance Agent: N/A | Insurance Agent: |
| Coverage Amounts: N/A | Coverage Amounts: / |

Type of Construction: (# of stories, approx. size) 30' x 24', Metal Frame & Clad, Concrete Based, Dock

| Area of Origin: Filling Dock | Damage: ☐ Mild ☐ Moderate ☒ Heavy ☐ Extensive | Cause: ☐ Accidental ☐ Incendiary ☒ Undetermined/Under Inv. |
| | | Smoke Detectors: ☐ Yes # ☒ No ☐ Unknown or N/A |
| | | Working: ☐ Yes ☒ No ☐ Unknown |

Person Disc./ Reporting Incident: Employees

| Injuries: ☒ Yes # 3 ☐ No | Fatalities: ☐ Yes # ☒ No | Weather: |
| Evidence: ☐ Yes ☒ No | Photos: ☒ Yes ☐ No # rolls 2 | ☐ Clear ☐ Overcast ☐ Rain ☐ Storms ☐ Snow ☒ N/R |
| Fire Dept./Official in Charge: North Pekin Fire Protection District Chief Joe Daniels | | Temp.: _____° ☒ N/R |
| | | Wind Speed/Direction: _____ @ _____ mph ☒ N/R |
| | | Lighting: ☐ Artificial ☒ Natural ☐ None ☐ N/R |

| Vehicle Incident Information: | Type: | Year: | Make: | Model: |
| VIN#: | | Registration #: | | State: |
| Condition at Time of Incident: ☐ Operational ☐ Not Operational ☐ Occupied ☐ Not Occupied ☐ Stolen | | | | |
| Vehicle Insurance Co.: | | Vehicle Insurance Agent: | | |

OFFICE OF THE STATE FIRE MARSHAL SEP 1 [DATE] DIVISION OF ARSON

| Reporting Investigator Signature & ID #: Jim Oliver #202 | Date: 09-01-05 | Approved By: Dave N. Bark | Date: 08/06/05 |

IAI 1 (Revised 03/00) All information contained within this report are approximations or summarizations unless expressed otherwise. Information contained herein is confidential and is not to be disseminated outside your agency unless its release is required pursuant to criminal or civil proceedings or statutory requirement.



**OFFICE OF THE ILLINOIS STATE FIRE MARSHAL**
**DIVISION OF ARSON INVESTIGATION**

**INVESTIGATIVE REPORT**

Case #:    5L090-008                              Case Investigator:   Jim Oliver #202

Reporting Date:  09-14-05                         Subject:     Pekin Hicksgas Business Explosion

Details:

On Thursday, 08-25-05, Reporting Investigator / Case Investigator Jim Oliver #202, Office of the State Fire Marshal, Division of Arson Investigation (hereinafter referred to as R/I), responded to the request from North Pekin Fire Protection District (N.P.F.P.D.) Chief Joe Daniels for assistance with the investigation of a fire and explosion that occurred at the Pekin Hicksgas, Inc. business located at 460 Radio City Drive in North Pekin, IL. R/I was assisted by Arson Investigator Tommy Bychowski #211, and arrived at the scene at or about 11:45 hours and observed firefighters working in and around the facility, with several structures intact, and a severely damaged loading/bottle dock facility in the midst of the property. R/I began an assessment of the scene and the cause and origin investigation was initiated.

R/I met with Chief Daniels and he essentially related to R/I that at this point in the incident he had determined the fire erupted on the centrally located, bottle filling dock, where three male employees were working; that all three employees were burned with multiple levels of injuries; that all three men were transported from the scene; that one man, identified as Larry Smith, Jr. was transported to OSF St Francis Hospital in Peoria, and two men, Brad Clark and Jeremy Grove, were transported to Memorial Hospital's Burn Unit in Springfield, IL; and that their conditions are not known. R/I was advised that a fourth, female, employee Rebecca Eubanks, was working at the business at the time of the fire; that she reported the fire; that she and the men escaped from the scene to the business across the street, Tommy House Tire company; that from there they were rendered aid while waiting for emergency responders; and that upon arrival of North Pekin police and firefighters the bottle dock was fully engulfed in flames, with explosions occurring without warning to the contents of the dock, which included, but was not limited to, several different sizes of liquid propane (LP) gas cylinders/bottles. R/I was advised that Chief Daniels was directing operations assisted by several agencies including, but not limited to, multiple law enforcement agencies, and fire departments, the Occupation Safety and Health Administration, IL Emergency Management Agency, IL Department of Transportation, IL Environmental Protection Agency, and Hicksgas management. R/I was advised that the IL State Police were taking airily photographs.

A cursory inspection of the bottle dock was made while 35 mm photographs were taken; and that an odor consistent with LP gas was present in the area. R/I observed the fire and explosion caused extensive damage to the metal framed, single story, metal clad, bottle filling and storage dock, and to the contents on the dock, consisted mostly of metal, multi sized LP containers; that the gravel drive was littered with debris of cylinders; that some cylinders' damages ranged from heat scorched tanks, to flattened, sheet like, metal remains; that the filling equipment received extensive fire damage; that the dock metal frame work was dislodged more severely on the S. and W. sides of the building; and that a metal column from the south side of the dock was setting several feet south of the building between the two, LP gas, bulk storage tanks.

_Jim Oliver #202_          9/20/2005                        _Dave Bower_      OFFICE OF THE
Investigator's Signature    Date                           Approved By:      STATE FIRE MARSHAL

DAI-3 (Revised 05/00) All information contained in this report are approximations or summarizations unless expressed otherwise. Information contained herein is **confidential and is not to be disseminated outside your agency** unless its release is required pursuant to criminal or civil proceedings or statutory requirement.

Continuation – Investigative Report
Case Number: 5L090-008                                                                    Page 2

Chief Daniels was advised that the scene would need to be rendered safe to continue the investigation, and the safe removal of debris would need to be coordinated with the company and Chief Daniels. R/I was advised that the company Special Projects Coordinator Dan Camp was in charge of the property; that arrangements were made with IL State Police HazMat Officer Trooper Ronney Davis #3278, Mr. Camp, and Chief Daniels, to stabilize, evacuate the LP product in the damaged tanks, identify and transport the most severely damaged tanks to the company storage facility in Roberts, IL.

Mr. Camp essentially related to R/I that the business is part of Rocket Company owned by Hicksgas Gifford, Inc. in Roberts, IL; that he was not sure who the company's insurance carrier or coverage was; that the there were no known drawings of the dock, fixed piping, electrical, or mechanical equipment for the dock; that the dock was built approximately 7 years ago; and that he was not sure of any problems, repairs, or scheduled work to the dock, or equipment. R/I was advised that Ms. Eubanks would prepare a written statement for R/I. R/I received the statement and it will be included in the case file.

R/I also spoke with Ms. Eubanks at the scene during the investigation and she essentially related to R/I that she began working at the Pekin business on or about 05-23-05; that she walked past the dock where the men were filling LP bottles with nothing unusual noted; that she took gauge readings at the south end of the bulk storage tanks as she normally does first thing when she arrives; that she had brief conversation with the men as she walked back to the office; that as she entered the open door of the garage/storage building located east of the dock she heard a whoosh sound before a small explosion occurred; and that by the time she turned around to see what the noise was, the dock was on fire. She related to R/I that she called 911; that she observed the men attempting to put out their burning clothes; that she was not hit by the debris from the explosion, nor was she burned; that they gathered together outside the office, later proceeding to the tire business; that both Mr. Clark and Mr. Grove had burn injuries to the front of them; that Mr. Smith, Jr. burns were more to the back areas of his body; that none of the men said they knew what caused the fire; and that she did not know what caused the fire.

She related to R/I that Mr. Smith, Jr. (a/k/a Bug) started working there on or about June 14, 2005, as a driver, and that only he smokes; that Mr. Grove drives for the company and has worked there 4 or 5 years; that Mr. Clark is the plant manager, working about 12 years; and about 4 years at this facility.

As a result of the extensive fire and explosion damage, the cause and origin would be continued to Friday, 08-26-05. The scene was secured by the N.P.F.D. as the investigation continues.

R/I then traveled to St Francis Hospital and met with Mr. Smith in his hospital room in the hospital's Intensive Care section.

The investigation continues.


OFFICE OF THE
STATE FIRE MARSHAL

SEP 27 2005

DIVISION OF ARSON
INVESTIGATION



**OFFICE OF THE ILLINOIS STATE FIRE MARSHAL**
**DIVISION OF ARSON INVESTIGATION**

**REPORT OF INTERVIEW**

Case #:    5L090-008                  Case Investigator:    Jim Oliver #202

Reporting Date:    09-20-05            Subject:    Pekin Hicksgas Business Fire

PERSON INTERVIEWED & REASON:

Name:    Larry K. Smith, Jr.

Sex/Race:    M/W    DOB:
SS#:
Address:    123 Calumet
City/State/Zip:    Marquette Heights, IL
Phone:    N/A
                                        Res.
                                        Bus.
                                        Other

Employer:    N/A    Hicksgas Inc., Pekin, IL
Reason:    Injured Witness

Details:

On Thursday, 08-25-05, Reporting Investigator / Case Investigator Jim Oliver #202 (R/I), traveled to St Francis Hospital in Peoria, IL to speak with Larry Smith, Jr. regarding his knowledge of the fire/explosion at the Hicksgas in Pekin earlier this date. Upon arrival at or about 16:50 hours, R/I met with Mr. Smith, Jr. with his immediate family members, and medical caregivers, in his Intensive Care Unit room. Mr. Smith Jr. was in bed, awake, alert, speaking clearly, being monitored for his injuries, and agreed to speak to R/I.

He essentially related to R/I that he was working on the dock at the time of the fire/explosion; that he was filling the company tank delivery truck with 33# LP tanks, while the truck was shut off, and parked on the N. side of the bottle filling/loading dock, located in the central area of the yard/drive; that Brad (Clark) & Jeremy (Grove) were filling tanks in the filling shed, located along the south end of the dock; and that he was carrying a bottle in each, gloved, hand with his back to the other employees when the incident occurred. He related to R/I that he first realized there was a problem when he felt an initial rush of heat against his back and neck; that immediately after that, a second rush of heat and force pushed him down into or near the back end of the delivery truck; that as he turned to see what had occurred he observed Mr. Clark and Mr. Grove on fire, running off the dock; that Mr. Clark went off the E. side of the dock, while Mr. Grove jumped off the W. side; that he lost sight of Mr. Clark; that he went to help Mr. Grove get out of area; that he heard Mr. Clark tell him to move the delivery truck away from the dock, which he did; that he went to the emergency shut off control located in the NW area of the gravel lot; that he pushed the shut off button; that the emergency shut off on the NW corner of the bottle dock was inaccessible; and that he was helped by unidentified people prior to receiving medical treatment, and being transported to the hospital.

OFFICE OF THE
STATE FIRE MARSHAL

*Jim Oliver #202*    9/20/2005                *Dan McDaniel*    SEP 27 *09/26/06*
Investigator's Signature    Date        Approved By:    Date

DIVISION OF ARSON

DAI-4 (Revised 05/00) All information contained in this report are approximations or summarizations unless expressed otherwise. Information contained herein is <u>confidential and is not to be disseminated outside your agency</u> unless required pursuant to criminal or civil proceedings or statutory requirement.

Continuation - Report of Interview
Case Number: 5L090-008

He related to R/I that he saw Ms. Eubanks walking in the lot prior to the fire; that he did not hear anything unusual prior to the incident, only the pump running; that he did not hear a whoosh sound, nor either men say anything; that there was nothing unusual about the tank filling process or problems that he was aware of before the fire/explosion; that he was not smoking at anytime on the dock; and that neither men related to him that they knew what happened to cause the fire.

The interview was completed at or about 19:05 hours, as Mr. Smith, Jr. was becoming fatigued.

OFFICE OF THE
STATE FIRE MARSHAL

SEP 27 2005

DIVISION OF ARSON
INVESTIGATION



**OFFICE OF THE ILLINOIS STATE FIRE MARSHAL**
**DIVISION OF ARSON INVESTIGATION**

**REPORT OF INTERVIEW**

Case #:        5L090-008                    Case Investigator:   Jim Oliver #202

Reporting Date:   09-13-05                   Subject:        Hicksgas N. Pekin Business Fire

PERSON INTERVIEWED & REASON:

        Name:        Clark, Bradley D.

        Sex/Race:    M/W        DOB:
        SS#:
        Address:     409 E. State Street
        City/State/Zip:  Manito, IL 61546
        Phone:                                    Res.
                                                  Bus.
                                                  Other
        Employer:    Hicksgas, Inc.
        Reason:      Witness burned in the fire

Details:

    On Tuesday, September 13, 2005, Reporting Investigator / Case Investigator Jim Oliver #202 (R/I), traveled to the fire scene and met with Bradley Clark at the company office. Mr. Clark was reportedly one of the three burned employees on the bottle dock at the time of the fire, and was recently released from the hospital. Those present included, but were not limited to, Hicksgas company representative, OSHA representative, insurance carrier representatives, and Mrs. Michel Clark.

    At or about 12:00 hours Mr. Clark gave his account of the fire and explosions essentially relating to R/I that this day had nothing unusual planned; that after he had made an early delivery route run he returned to the business at or about 7:40AM and began filling tanks with LP gas from the refilling (shed) on the S. end of the dock at or about 8:00AM; that the delivery vehicle (truck) he used was not running at the time of the fire; that the truck was being loaded with tanks, mostly 33# & 20# sized, solely by Mr. Larry Smith, Jr.; that he and Mr. Jeremy Grove were filling tanks in the shed until he (Clark) finished his tanks; that several tanks of assorted makes and size, some with and without gas, were stored on the dock, as was usually the case; that they were sometimes using the scales, and sometimes using another method to fill the tanks; that only Mr. Grove was filling a tank at the time of the fire; that Mr. Smith was near the back of the truck, not smoking, at the time of the fire; and that he (Clark) was facing north at the shed door opening. He related to R/I that he had turned the dock lights on when he arrived at work; that he did not turn them off before the fire; that he did not move the sliding door to the shed before the fire; that he was at or near the sliding door on the shed side, approximately 6 feet away from Mr. Groves when he heard a whooshing sound coming from the dock; that he did not see where it came from on the dock; that it was not consistent with any sound he routinely heard while filling tanks before; and that he could only remember a sound similar to that sound once in his life, but could not remember the total circumstances of that prior occasion.

_Jim Oliver #202_                9/20/2005              _Dona M Rea..._
Investigator's Signature          Date                  Approved By:

OFFICE OF THE STATE FIRE MARSHAL
SEP 27 ...
DIVISION ... ARSON INVESTIGATION

DAI-4 (Revised 05/00) All information contained in this report are approximations or summarizations unless expressed otherwise. Information contained herein is confidential and is not to be disseminated outside your agency unless specifically required pursuant to criminal or civil proceedings or statutory requirement.

Continuation - Report of Interview
Case Number: 5L090-008                                                Page 2

   He related to R/I that he realized a problem had occurred with something on the dock releasing material he believed was gas; that he instinctly hesitated to breath, in fear of inhaling the material; that quickly thereafter a matter of seconds, he saw flames engulf the dock area; that he placed the location of the flames between himself and Mr. Smith, Jr.; that he was not blown off the dock, rather he jumped off rolled around attempting to smother his burning clothes; that he saw Mr. Grove escaping the dock on the west side; that he told Mr. Smith, Jr. to move the truck away from the dock, which he did; that he striped off his clothes while attempting to water himself down at the water spicket at or near the SW section of the garage, located East of the dock; and that there was no forklift in operation. Mr. Clark further related to R/I that he proceeded to the N. side of the property; that people were coming from the business across the street, Tommy House Tire, assisting the injured workers; and that he made calls for medical transportation, as emergency responders were arriving. He related to R/I he did not hear a telephone ringing prior to the fire; that his cell phone was in the truck; that the compressor, located at the S. end of the two, multi thousand gallons supply tanks, was operating without any problems; that there were no problems while filling the tanks in the shed; that a few sprinkles of rain began falling with no thunder or lightning; and that they Grove, Smith, Jr., & Clark discussed what caused the fire, and the consensus was no one knew what happened.

   Mr. Clark briefly described his injuries, mostly to his arms, and waist; that his arms were wrapped, with minor injuries to his left hand; and that he had not discussed the matter with anyone outside his family prior to this meeting; and that he did not believe he left anything out.

   The parties in attendance had no further questions at this time. Mr. Clark was advised that additional questions may be pending as the investigation was still ongoing, and he indicated he understood this and would assist with the investigation.

   The interview concluded at or about 13:00 hours.



N

30'

R V
FILL
HOSE

CABINET

24'

ROUGH SKETCH

NOT TO SCALE

CASE #        5L090-008
DATE          08-25-05
OWNER         HICKSGAS GIFFORD, INC
ADDRESS       460 RADIO CITY DRIVE, N. PEKIN
OCCUPANT      PEKIN HICKSGAS
INVESTIGATOR  Jim Oliver #202, O.S.F.M., D.A.I.
& SKETCH BY

P/S = PERMINITE SCALE
PT/S= PORTABLE SCALE
© = CELL PHONE

OFFICE OF THE
STATE FIRE MARSHAL

SEP 27 2006

DIVISION OF ARSON
INVESTIGATION

🖨 **Print this page now**

Saturday, August 27, 2005

# 2 remain critical after gas plant explosion

WEEK-TV

NORTH PEKIN -- While several agencies continued Friday to investigate the cause of Thursday's Hicksgas explosions, two of the victims remained in critical condition.

Advertisement



ask  listen  solve

More Than
Free Checking...
Learn More

Commerce Bank

Brad Clark of Manito and Jeremy Grove of Canton were at Springfield Memorial Medical Center's burn unit. A third victim, Larry Smith of Marquette Heights, was in fair condition at OSF Saint Francis Medical Center, Peoria.

Local and state authorities were at the Hicksgas plant all day, investigating the cause of the explosions. Patti Thompson of the state fire marshal's office said she didn't know when local and state authorities might determine what sparked the blaze.

While North Pekin firefighters were on site throughout Thursday night, so was Tony Pendley of the Salvation Army.

"I just enjoy doing it, helping people in need," said Pendley. "When 5 (o'clock) hit yesterday (Thursday) I was off the clock, and the rest of the night till 8 this morning was all volunteer time."

North Pekin Fire Chief Joe Daniels said, "Salvation Army is absolutely wonderful, here all with Red Cross helping keep our people with food and drinks. My hat's off to them."

They were there all night because firefighters had to empty the large propane tank and transport it to another facility. They also had to burn up any residue left on site.

"I've got 100 percent confidence at this point; there's no threat to the community," said Daniels.

The North Pekin fire chief credited his volunteer firefighters for the success.

"These guys are like family -- best guys you'll ever meet. If there's trouble and the whistle goes off, you know you have people coming."

The chief says they're willing to sacrifice so much for one reason: "They do it because neighbors need help."

Jim Strube and his wife, who live behind Hicksgas, watched crews clean up from their house.

He said, "A lot of work, a lot of hours. They need a lot of recognition for this," Jim Strube said. "Words cannot express how much that means."



Hicksgas officials said in a press release issued Friday the fire damage is limited primarily to the cylinder-filling area. The company will remain open but the Pekin office will not be available to customers until next week.

The American Red Cross is holding a blood drive in honor of the victims, Brad Clark and Jeremy Grove.

It will be 10 a.m. and 3 p.m. Sept. 11 at the Miller Senior Citizen Center in Pekin.

Officials with the department said canisters have been set out all over town to raise money to cover the costs of medical treatment.

Copyright © 2005, Pantagraph Publishing Co. All rights reserved.

Close window

JS 44    (Rev. 11/04)

# CIVIL COVER SHEET

**E-FILED**
Tuesday, 16 October, 2007 03:32:23 PM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a)  PLAINTIFFS
Larry K. Smith, Jr. and Melissa Smith

### DEFENDANTS
Manchester Tank & Equipment Co., an affiliate of McWane, Inc.

**(b)** County of Residence of First Listed Plaintiff    Tazewell County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John P. Nicoara, Nicoara & Steagall, 416 Main Str., Suite 815, Peoria, IL
61602, 309-674-6085

Attorneys (If Known)
Raymond Lyons, Jr., Williams Montgomery & John Ltd., 20 N.
Wacker Drive, Suite 2100, Chicago, IL 60606, 312-443-3200

### II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN    (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1332, 1441 and 1446
Brief description of cause:
Personal injury - products liability and negligence

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
10/09/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____