IN THE UNITED STATES CIRCUIT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY K. SMITH, JR. and MELISSA SMITH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., | ) ) ) Court No.: 07-1280 |
| Defendant. | ) ) ) |
| -------------------------------------------------------- | ) ) |
| McWANE, INC., a Delaware Corporation and K.A. BERGQUIST, INC., an Ohio Corporation, and PEKIN HICKSGAS, INC., | ) ) ) ) |
| Respondents in Discovery. | ) |

## JOINT REPORT OF PARTIES' PLANNING MEETING

Now come plaintiffs LARRY K. SMITH, JR. and MELISSA SMITH, by JOHN P. NICOARA of the law firm of NICOARA & STEAGALL, and defendant MANCHESTER TANK & EQUIPMENT CO., by RAYMOND LYONS, JR. of WILLIAMS MONTGOMERY & JOHN, LTD., and having conferred by telephone and exchanged proposals by fax in satisfaction of their obligations under Fed. R. Civ. P. 26(f), hereby submit the following joint report of the parties, the provisions of which are agreed to with the exceptions of paragraphs IV.(H) and V.(B):

    I.    Basis of Plaintiffs' Claims and Defendant's Defenses:

        A.    Plaintiffs' Claims:

            1.    Whether defendant manufactured a tank which was unreasonably dangerous at the time it left defendant's control.

        2.    Whether defendant knew or should have known of problems with leakage from comparable tanks manufactured by defendant.

        3.    Whether defendant used proper procedure and complied with industry standards regarding the manufacturing and testing of tanks and related components.

        4.    Whether a condition of a tank manufactured by defendant proximately caused injury and damage to the plaintiffs.

        5.    The nature and extent of the injuries and damages sustained by the plaintiffs.

    B.    <u>Defendant's Defenses:</u>

        1.    <u>Defendant Manchester Tank & Equipment Co.</u>

        Defendant MANCHESTER TANK & EQUIPMENT CO. (hereinafter "Manchester") admits that it has filed its answers and affirmative defenses to plaintiffs' complaints and has denied all material allegations.

        Defendant Manchester has pled as affirmative defenses to plaintiffs' claims that (1) plaintiffs were guilty of contributory negligence thereby causing and contributing to the injured alleged; (2) plaintiffs knowingly engaged in culpable acts or omissions amounting to misuse of the subject product(s); (3) plaintiffs knowingly engaged in culpable acts or omissions amounting to assumption of the risk of the alleged product defects.

II.    <u>Settlement.</u>    The parties have conferred regarding settlement and believe some discovery must occur prior to meaningful settlement discussions, but the parties also believe that once sufficient discovery has occurred, and no later than the discovery cut off date, they will be able to fully explore the possibility of settlement.

   III.   <u>Plan for Initial Disclosures.</u>   The parties shall exchange by January 15, 2008, the information required by Fed. R. Civ. P. 26(a)(1).

   IV.   <u>Plan for Discovery.</u>   The parties jointly propose to the court the following discovery plan:

   A.   Discovery is needed on plaintiffs' claims and defendants' defenses.

   B.   The parties propose discovery shall be completed in accordance with the joint proposed Discovery Scheduling Order attached hereto as Exhibit A.

   C.   The parties currently anticipate a maximum of 30 initial interrogatories by each plaintiff and each defendant (not including subparts). The parties waive the presumptive limitation of 10 depositions by each party.

   D.   Parties agree that each deposition, other than the depositions of the experts, shall be limited to seven hours, and expert witnesses shall be limited to nine hours.

   E.   With regard to electronic discovery, it does not appear that the issue of electronic discovery is likely to be raised in this case. All parties understand their obligations to preserve relevant information. As to relevant information requested that is kept in electronically-stored form, the parties agree to identify those documents kept in electronically-stored form and provide the manner of exchange for said information at a time or place mutually agreed upon by the parties. To the extent that any relevant electronically-stored information is requested, said electronically-stored information shall be produced in no more than one format, one in which the information is ordinarily maintained or in a form that is reasonably useable. The parties agree to work together to reach an agreement on any remaining issues concerning electronic discovery.

   F.   With respect to inadvertently-disclosed work product or privileged information, the parties agree that said disclosure shall not be considered a waiver of attorney-

client or work product privilege. The parties agree that production of privileged information is presumed to be inadvertent and does not waive the privilege; the receiving party must return the privileged material until the question is resolved. The parties request that the Court recognize said agreement and declare that inadvertent production of privileged information does not create an express or implied waiver of said privilege(s).

   G. Supplementation under Fed. R. Civ. P. 26(e) shall be served at such time and under such circumstances as required by that rule.

   H. Plaintiffs request an order or stipulation that the report required for retained expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall not be required with respect to plaintiffs' treating physicians and other actor/viewer witnesses who have expertise. Disclosure shall be made, however, of any medical records including reports of treating physicians contained in said records; disclosure shall be made of other records containing reports if the witness is a non-physician with expertise. Plaintiffs assert that the Seventh Circuit has not ruled on this issue and the disctrict courts are divided. Defendant does not concur with this request.

V. Other Items:

   A. Protective Orders:

    Counsel for the defense has indicated to plaintiff's counsel that some information in the case may be "proprietary and confidential" and that they desire to have a protective order pursuant to Rule 26(c) entered with respect to any such documents or information. Counsel for the defense has also expressed their desire for a protective order regarding non-destruction and preservation of evidence. The parties anticipate guidance from the court will be needed only if the parties cannot agree upon the appropriate scope of any such order or orders.

      B.     Plaintiffs request that any objection to the testimony of any opinion witness based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 278 (1993) or its progeny shall be raised within twenty-eight (28) days of the taking of said witness's deposition. Defendant does not concur with this request.

      C.     Plaintiffs may join as additional defendants those entities named as respondents in discovery in the state court pleadings without further order of this court; such joinder shall occur no later than December 15, 2007.

      D.     The parties request that the court hold the pretrial conference in July 2009.

      E.     The case should be ready for trial by August 3, 2009. At this time trial is expected to take approximately two weeks.

LARRY K. SMITH, JR and MELISSA SMITH, Plaintiffs

By: s/ John P. Nicoara
JOHN P. NICOARA
Illinois Bar #2050595
**NICOARA & STEAGALL**
416 Main Street, Suite 815
Peoria, IL 61602-1115
309-674-6085 phone
309-674-6032 fax
nicsteag@mtco.com

MANCHESTER TANK & EQUIPMENT CO.
an affiliate of McWANE, INC., Defendant

By: s/ Raymond Lyons, Jr.
RAYMOND LYONS, JR.
Illinois Bar #3127396
**WILLIAMS MONTGOMERY & JOHN LTD.**
20North Wacker Drive, Suite 2100
Chicago, IL 60606
312-899-5764 phone
312-630-8564 fax
rl@willmont.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

RAYMOND LYONS, JR.
Illinois Bar #3127396
**WILLIAMS MONTGOMERY & JOHN LTD.**
20 North Wacker Drive, Suite 2100
Chicago, IL  60606
312-899-5764 phone
312-630-8564 fax
rl@willmont.com


                          By: s/ John P. Nicoara
                          JOHN P. NICOARA
                          Illinois Bar #2050595
                          **NICOARA & STEAGALL**
                          416 Main Street, Suite 815
                          Peoria, IL  61602-1115
                          309-674-6085 phone
                          309-674-6032 fax
                          nicsteag@mtco.com

IN THE UNITED STATES CIRCUIT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY K. SMITH, JR. and MELISSA SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., <br><br> Defendant. <br> ------------------------------------------------------ <br> McWANE, INC., a Delaware Corporation and K.A. BERGQUIST, INC., an Ohio Corporation, and PEKIN HICKSGAS, INC., <br><br> Respondents in Discovery. | Court No.: 07-1280 <br><br> **EXHIBIT A** |

## DISCOVERY SCHEDULING ORDER

After reviewing the proposed discovery plan and report from the parties required by Fed. R. Civ. P. 26(f) and Local Rule 26.2(3) and after consulting with the parties pursuant to Fed. R. Civ. P. 16 on November 30, 2007, the Court hereby enters the following Scheduling Order pursuant to Fed. R. Civ. P. 16:

1. **December 17, 2007:** Joinder of respondents in discovery as direct defendants shall be made by this date.

2. **January 15, 2008:** Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by plaintiffs and defendant Manchester Tank & Equipment Co. by this date.

3. **March 14, 2008:** Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by joined defendants by this date.

4. **June 16, 2008:** All additional parties shall be joined by this date.

5. **August 15, 2008:** Deadline to file amended pleadings, excluding amendments allowed by court order to be made pursuant to Fed. R. Civ. P. 15(b): Amendments to Conform to the Evidence.

6. **October 15, 2008:** Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by plaintiffs by this date.

7. **November 14, 2008:** Plaintiffs shall tender their experts for depositions by this date.

8. **December 15, 2008:** Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by defendants by this date.

9. **January 30, 2009:** Defendants shall tender their experts for depositions by this date.

10. **March 2, 2009:** Plaintiffs shall disclose and produce for deposition their expert rebuttal witnesses, if any, by this date.

11. **April 2, 2009:** Defendants shall disclose and produce for deposition their expert sur-rebuttal witnesses, if any, by this date.

12. **April 16, 2009:** All discovery shall be completed by this date.

13. **May 1, 2009:** All motions to dismiss, motions for summary judgment or other dispositive motions shall be filed by this date.

14. **June 16, 2009:** Case(s) to be set for Final Pretrial Conference and Trial Scheduling.

Signed this _____ day of _____, 2007.

_____
Magistrate Judge John A. Gorman