E-FILED
Monday, 03 December, 2007  10:55:11 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Larry and Melissa Smith,<br>　　　　　　　Plaintiff | ) ) ) | |
| vs. | ) ) | Case No.  07-1280 |
| Manchester Tank and Equipment Co.,<br>　　　　　　　Defendant | ) ) ) | |

**ORDER**

In the parties' Report of Planning Meeting, an issue was raised regarding whether Plaintiff's treating physicians and other "actor witnesses who have expertise."  Plaintiff contends that such witnesses are not "experts" within the meaning of Fed.R.Civ.P. 26(a)(2)(B);  defendant disagrees.  If plaintiff is correct, no written reports under that Rule are required;  if defendant is correct, reports are required.

Fed.R.Civ.P. 26(a)(2)(A)  requires disclosure of the identity of "all persons who may be used at trial to present evidence under" F.R.E. 702, 703 or 705.  These three rules of evidence deal with opinion testimony by expert witnesses.

Rule 26(a)(2)(B) then makes a distinction between experts who are "retained or specially employed to provide expert testimony in the case" and other witnesses who may offer opinion testimony.   The former must prepare a report, while the latter need not.  The Rule's Committee Notes expressly use treating physicians as an example of the latter.  The fact that treating physicians have not been retained for litigation does not make them any less an expert witness; it simply means that they need not prepare a report.  This is true of other fact witnesses whose testimony may include opinion testimony.  See, generally, Wright and Miller, Federal Practice and Procedure, § 2033 and 2034.

Accordingly, as a supplement to the Scheduling Order that has been entered in this case, it is held that the parties must disclose the identities of any witness who will offer opinion testimony by the dates specified for "disclosure of experts" but that only those witnesses who were specially retained for that purpose need prepare written reports for disclosure to opposing counsel.

November 30, 2007

                                        s/ John A. Gorman

                                        JOHN A. GORMAN
                                        UNITED STATES MAGISTRATE JUDGE