UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LARRY K. SMITH, JR. AND MELISSA SMITH, | ) ) ) |
| Plaintiffs, | ) ) No.  07-1280 |
| vs. | ) ) ) |
| MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., and K.A. BERQUIST, INC., an Ohio Corporation, | ) ) ) ) |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Defendant, K.A. BERGQUIST, INC., by its Attorneys, Hinshaw & Culbertson LLP, and for its Memorandum of Law in Support of its Motion for Judgment on the Pleadings, states:

**INTRODUCTION**

After Larry K. Smith Jr. sustained injuries from an explosion at Pekin Hickgas Inc., ("Hickgas"), the Plaintiffs, Larry K. and Melissa, filed a three count complaint against defendants, K.A. Bergquist, Inc., ("KAB") and Manchester Tank & Equipment Co. ("Manchester") under a products liability theory.  The Plaintiffs allege the explosion was due to propane gas tanks that were negligently designed and unreasonably dangerous when they left the control of Manchester, and unreasonably dangerous when they left the control of KAB.  The Defendant, KAB, moves for judgment on the pleadings as to Count III of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(c), because its pleadings have

properly complied with 735 ILCS 5/2-621. Pursuant to Section 5/2-261, KAB negated any material issue of fact by certifying Manchester as the manufacturer of all propane tanks KAB sold to Hickgas.

## FACTS

On August 25, 2005, Plaintiff Larry K. Smith Jr. was injured in an explosion and fire at the Pekin Hickgas Inc., at 460 Radio City Drive, North Pekin, IL. (First Amended Complaint, Count III, "Comp." ¶ 3). The fire was allegedly the result of a gas leak. (Comp. ¶ 3). At the time of the accident, the regular course of KAB's business included selling propane tanks manufactured by Manchester to Hickgas. (Comp. ¶ 2; Affidavit of Robert Barry "Barry Aff." ¶¶ 3-4, attached hereto as Exhibit 1). In fact, Manchester is the manufacturer of all the propane gas tanks ever sold by KAB to Hickgas. (Barry Aff. ¶ 4). KAB has never exercised control over the design of Manchester propane tanks, nor has KAB ever modified a propane tank purchased from Manchester. (Barry Aff. ¶¶ 5, 7). Furthermore, KAB was had no knowledge of any defect in any propane tank purchased from Manchester. (Barry Aff. ¶ 6). Negate

## KAB IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE THERE IS NO FACTUAL DISPUTE REGARDING MANCHESTER AS THE MANUFACTURER OF THE ALLEGEDLY DEFECTIVE PRODUCT

Pursuant to 735 ILCS 5/2-621, KAB certified Manchester as the manufacturer of all propane tanks KAB has ever sold to Hickgas. As a result, KAB has extinguished any material issues of fact and is entitled to judgment on the pleadings under Federal Rule of Civil Procedure 12(c). "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to

judgment as a matter of law." *National Fidelity Life Insurance Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Under Illinois law governing products liability actions:

(a) In any products liability action based on any theory or doctrine commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit otherwise certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage.

(b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise plead, the court shall order a dismissal of a product liability action based on any theory or doctrine against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section. 735 ILCS 5/2-621

Under § 2-621, A defendant seller of a product may be dismissed from an action by certifying the proper manufacturer of the product via an affidavit. *Logan v. West Coast Cycle Supply Co.*, 197 Ill. App. 3d 185, 191 (2nd Dist. 1990).

In *Logan*, the plaintiff sued a bicycle shop after a bicycle he purchased there malfunctioned. *Logan*, at 188. The defendant, West Coast Cycle Supply Co., filed an affidavit signed by its manager in which it denied manufacturing or engaging in the design of the bicycle. *Id*. The affidavit also certified the manufacturer of the bicycle which caused the injury. *Id*. The court, based on the affidavit, concluded that the trial court had properly dismissed West Coast Cycle Supply Co., because it was only a seller of the product, and thereby protected from liability. *Id*. at 192.

In the case at bar, the affidavit of Robert Barry protects KAB from liability. Mr. Barry's affidavit supports the allegation in the Plaintiffs' complaint that Manchester is the manufacturer

of all propane tanks sold to Hickgas by KAB. As a result, there is no material issue of fact in dispute. Mr. Barry's affidavit complies with the necessary requirements of 5/2-216 and certifies the manufacturer as Manchester. Because the Plaintiffs have already filed a pleading that requires Manchester as the manufacturer to answer or otherwise plead, KAB can be dismissed from this action as a matter of law.

## CONCLUSION

For all the reasons stated above the Defendant, KAB, requests that this court grant its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

DATE: April 4, 2008                    Respectfully submitted,

                                       K.A. BERGQUIST, INC., an Ohio Corporation


                                       By: s/David E. Jones
                                           One of Its Attorneys

                                       David E. Jones
                                       HINSHAW & CULBERTSON LLP
                                       416 Main Street, Suite 600
                                       Peoria, Illinois 61602-1220
                                       (309) 674-1025
                                       Fax: (309) 674-9328

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on April 4, 2008, I electronically filed this Memorandum of Law in Support of its Motion for Judgment on the Pleadings with the Clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

John P. Nicoara
NICOARA & STEAGALL
416 Main Street, Suite 815
Peoria, IL  61602
Phone:  309-674-6085
Fax:  309-674-6032
nicoara@mtco.com
Attorneys for Plaintiffs

Christopher R. Doscotch
cdoscotch@yahoo.com
Joseph W. Dunn
illini792@yahoo.com
Ralph D. Davis
rdavis@jjlaw.com
JANSSEN LAW CENTER
333 Main Street
Peoria, IL  61602
Phone:  309-676-2341
Fax:  309-676-7678
Attorneys for Jeremy Grove (Misc. Party)

Raymond Lyons, Jr.
WILLIAMS MONTGOMERY & JOHN LTD.
20 North Wacker Drive, Suite 2100
Chicago, IL  60606
Phone:  312-899-5764
Fax:  312-630-8564
rl@willmont.com
Attorney for Manchester Tank & Equipment Co.

  s/David E. Jones
Hinshaw & Culbertson LLP
416 Main Street, Suite 600
Peoria, IL  61602-1220
309-674-1025

80227363v1 NEWFILE

## UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| LARRY K. SMITH, JR. AND MELISSA SMITH, | ) ) ) |
| Plaintiffs, | ) No. 07-1280 |
| vs. | ) ) ) |
| MANCHESTER TANK & EQUIPMENT CO., an affiliate of McWANE, INC., and K.A. BERQUIST, INC., an Ohio Corporation, | ) ) ) |
| Defendants. | |

### AFFIDAVIT OF ROBERT BARRY

Affiant Robert Barry, having been duly sworn and placed upon his oath deposes and states as follows:

1. I am an adult, under no disability, and if called as a witness in this matter, would testify to the following based upon my own personal knowledge.

2. I am the President and Chief Operating Officer of K.A. Bergquist, Inc., an Ohio Corporation.

3. At the time of the accident alleged in the Complaint, K.A. Bergquist Inc. ("KAB") sold propane gas tanks to Pekin Hickgas, Inc in the regular course of KAB's business.

4. Manchester Tank & Equipment Co. is the manufacturer of all of the propane gas tanks ever sold by KAB to Pekin Hickgas, Inc.

5. KAB has never exercised any control over the design or manufacture of Manchester Tank and Equipment Co.'s propane tanks.

6. If the propane tanks at issue in this case were sold to Pekin Hickgas, Inc., by KAB, the tanks were manufactured by Manchester Tank & Equipment Co.

7. KAB never made any modifications to any propane gas tank purchased from Manchester Tank & Equipment Co. and sold to Pekin Hickgas, Inc.

Further affiant sayeth naught.

s/Robert Barry_____
Robert Barry

SUBSCRIBED AND SWORN to before
me this 2nd day of April, 2008.

s/Steven T. Stearns_____
Notary Public

3